PEOPLE ex rel. GEAR v. DALTON, Commissioner.

(Supreme Court, Appellate Division, First Department. June 22, 1900.)

APPEAL—DISMISSAL OF MUNICIPAL EMPLOYE—REVIEW.

    The decision of a commissioner of public works in dismissing an employé of that department on charges preferred against him will not be reversed on appeal, where such decision might properly have been reached on the evidence given before such commissioner.

Certiorari, on relation of Alonzo S. Gear against William Dalton, commissioner, to review respondent's action in removing relator from his position in the department of public works. Writ dismissed.

See 59 N. Y. Supp. 1111.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

R. G. Welling, for relator.

Terence Farley, for respondent.

RUMSEY, J. On the 14th of August, 1895, the relator was appointed foreman of all the corporation pipe yards in the city of New York, and continued in that position down to January, 1898, when he was reduced to the position of foreman of the Twenty-Fourth street pipe yard. On the 1st of April, 1899, charges were preferred against him. The general charge was neglect of his duties, violation of the rules of the department, disobedience of orders, and a legal offense. It is not necessary to consider the first and the second of the specifications, as no evidence was given with respect to them. The third and the fourth are substantially a charge that during his administration there were lost from the yard under his control 372 bars of lead. The sixth specification is that he willfully mutilated, injured, and destroyed property belonging to the city of New York, in that he removed from a letter book in his possession certain pages containing copies of official letters written by him or under his direction. He was tried regularly upon these charges, and, as a result, he was dismissed from the service. It appeared from the evidence, and was admitted by the relator, that he had mutilated the letter book as was charged, by tearing out a large number of leaves upon which copies of official letters had been taken. He stated, however, that he had the pages in his possession, and he either replaced them in the book, or expressed his willingness to do so. It appeared that on the 14th of March, 1899, he reported that there was missing from his yard 367 bars of lead. He stated in his letter of that date that 367 pigs of lead had been taken away from the yard; that they disappeared between "November 21, 1897, and March 13, 1899, and probably since April 7, 1898; very probably between September 1, 1898, and February 16, 1899, and more probably between October 20, 1898, and 16th of February, 1899, though not improbably more recently." He stated upon the trial that everything pointed to the supposition that the lead had been taken on Christmas Day, 1898. From this testimony the commissioner was perfectly justified in coming to the conclusion that this lead had been taken from time to time, and that its loss, which

was not reported until March, 1899, had taken place under such circumstances that, if any sort of supervision had been had, or if such care of the property had been taken as ought to have been taken, the loss would have been discovered very much sooner; and it might very properly be inferred from the fact that the relator was guilty of gross neglect of duty. As the relator conceded the loss of the lead and practically conceded that he knew nothing about it by his letter of March 14th, the only question for the commissioner to determine was whether he had relieved himself of responsibility for it, and whether he had given a proper reason for the mutilation of the letter book. The commissioner reached the conclusion that he had not in either case. Even if the court would not have reached the same conclusion, yet if, upon the evidence, the same decision might properly have been reached, the court is not at liberty to reverse his decision. But in this case it is proper to say that no sufficient excuse was given for either of the offenses of which he was charged, and therefore the action of the commissioner in dismissing him must be affirmed.

The writ should be dismissed, and proceedings affirmed, with costs. All concur.